# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| DAWN BOGUE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:17cv00089-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Dawn Bogue, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff was forty-six years old at the time of the administrative hearing[1]. (Tr. 51.) She testified she is a high school graduate and attended college for two years. (Tr. 55.) She has past relevant work as management trainee, cashier and stock clerk. (Tr. 37.)

The Administrative Law Judge[2] (ALJ) found Ms. Bogue had not engaged in substantial gainful activity during the period from her alleged onset date – December 1, 2011 – through the date last insured – September 30, 2015. (Tr. 32.) She has "severe" impairments in the form of "fibromyalgia, early polyneuropathy in the extremities, and myalgia." (*Id.*) The ALJ further found Ms. Bogue did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (*Id.*)

The ALJ determined Ms. Bogue had the residual functional capacity to perform a reduced range of sedentary work given her mental and physical limitations. (*Id.*) The ALJ determined Ms. Bogue could no longer perform her past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based on the testimony of the vocational expert (Tr. 82-86), the ALJ determined Ms. Bogue could perform

---

[1] Plaintiff had two administrative hearings. The most recent hearing was after the first decision denying her benefits was remanded by the Appeals Council. (Tr. 127-129.)

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

the jobs of surveillance systems monitor and cell phone order clerk.  (Tr. 38.)  Accordingly, the ALJ determined Ms. Bogue was not disabled.  (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her complaint, Plaintiff argues the ALJ improperly discounted the opinion of her treating doctor, Henry Allen, M.D.  Plaintiff specifically points to his October 9, 2014, assessment whereby he reported Plaintiff was disabled.  (Tr. 498.)  Dr. Allen also provided a Medical Source Statement-Physical dated December 16, 2015, whereby he makes generally the same assessment.  (Tr. 579-580.)

The ALJ considered this evidence and found "Dr. Allen's medical records fail to substantiate his opinions."  (Tr. 36.)  The ALJ stated, "Except for his evaluation in October 2014, the physical examinations contained in the record fail to show significant physical abnormalities.  Further, the objective medical evidence shows only mild neuropathy in the extremities.  There are no regular signs of muscle weakness or muscle atrophy in Dr. Allen's treatment records." (*Id.*)

Plaintiff correctly argues her treating doctors should generally be given deference.  But after closely considering the medical evidence in this case, I find the ALJ could properly discount Dr. Allen's opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.  20 C.F.R. § 404.1527(c)(2).  Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.  *Id.*  "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v.*

3

*Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).  Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Allen's conclusions.  In reviewing Dr. Allen's treatment records I, too, fail to find support for his Medical Source Statement.  Treatment records do reveal Ms. Bogue indeed has had serious ongoing health issues.  Yet they do not support limitation to the degree reported in Dr. Allen's Medical Source Statement.  As the Commissioner points out in her brief, Plaintiff's neurology examinations were mostly normal.  (Tr. 502, 511, 527, 553-554, 569-570, 585.)  And the ALJ and Commissioner correctly note the numerous diagnostic tests showed only mild anomalies.  Therefore, the ALJ could rightly discount Dr. Allen's opinions.

I also recognize Plaintiff's arguments regarding her fibromyalgia.  (Doc. No. 11 at 14-16.) I take seriously her statement that, "Fibromyalgia is a chronic condition, usually diagnosed after eliminating other conditions, no confirming diagnostic tests exist, and it can be disabling." (*Id.* at 15.)  Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision on this basis.

Plaintiff also disagrees with the ALJ's credibility and residual functional capacity assessments. (Doc. No. 11 at 19-21.)  The residual functional capacity assessment is largely based on the ALJ's credibility assessment.  Understandably, Plaintiff argues this assessment was flawed.

The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-7p.  (Tr. 33-36.)  That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

4

> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

Second guessing an ALJ's credibility assessment is an agonizing task. Plaintiff clearly suffers from limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments and I am sympathetic to Ms. Bogue's claims. However, the objective medical records simply fail to support Plaintiff's claim of complete disability.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with serious illnesses, the treatment records fail to show marked limitation in her ability to perform work related activities at the sedentary exertional level.

Plaintiff has advanced other arguments which I find are without merit. Ms. Bogue's counsel has done an admirable job advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the

ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 4th day of October, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE